IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| YOLANDA T. DEBRUCE, | ) | CASE NO.  5:18-CV-02118 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G .CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN RONETTE BURKES, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondent. | ) | |

## Introduction

Before me by referral[1] is the *pro se* petition of Yolanda T. DeBruce for a writ of habeas corpus under 28 U.S.C. § 2254.[2] The Warden has filed a return of the writ,[3] to which DeBruce has filed a traverse.[4] In addition, DeBruce has moved for (1) placement in a halfway house,[5] (2) transfer to a halfway program[6] and (3) summary judgment as to her

---

[1] The matter was referred to me by under Local Rule 72.2 United States District Judge James G. Carr in a non-document order entered on October 10, 2018.
[2] ECF No. 1.
[3] ECF No. 7.
[4] ECF No. 10.
[5] ECF No. 14.
[6] ECF No. 16.

desire to alter her sentence to time served and transfer to post-release control.[7] The Warden has replied to the traverse[8] and opposes all the above motions.[9]

For the reasons that follow, I will recommend that the petition be dismissed as time-barred.

## Facts

The facts relevant to adjudicating this petition are neither extensive nor complex.

### A.    Underlying facts, conviction and sentence

In 2016, DeBruce, while represented by counsel, pled guilty to charges of robbery, felonious assault and failure to comply with a police order, receiving an aggregate sentence of ten years in prison.[10] The state court of appeals found[11] that the offenses arose when DeBruce attempted to flee a Giant Eagle store without paying.[12] An off-duty police detective who had been shopping in the store was alerted to the theft by store employees, raced outside and placed herself in front of DeBruce's car as DeBruce was attempting to leave, ordering DeBruce to exit the car.[13] Instead, DeBruce accelerated the car into the officer, dragging her some distance before the officer was able to discharge her weapon

---

[7] ECF No. 18.
[8] ECF No. 12.
[9] ECF Nos. 15, 17, 19.
[10] ECF No. 7, Attachment (state court record) at 7-13.
[11] Facts found by the state appeals court are presumed true by the federal habeas court. 28
[12] ECF No. 7, Attachment at 140.
[13] *Id*.

and escape with minimal injuries.[14] DeBruce then led other officers on a chase for several minutes before stopping the car and surrendering.[15]

After being indicted and receiving an appointment of counsel,[16] DeBruce signed a negotiated written plea of guilty to charges of robbery, felonious assault and failure to comply.[17] Under that plea agreement, the State agreed to dismiss all remaining charges but did not recommend a sentence.[18] The trial court then accepted the plea, dismissed the remaining charges, merged the robbery and felonious assault convictions for sentencing,[19] and held a sentencing hearing.[20]

At the sentencing hearing, DeBruce argued that she had ultimately surrendered peacefully, that she was remorseful, that she had been truthful during the investigation, and that the detective's injuries were minor.[21] For its part, the prosecution noted that DeBruce had ignored commands to stop, traveled at high speeds while attempting to flee, ran stop signs, and made improper turns during the chase.[22] The detective herself testified that she was in uniform when she commanded DeBruce to stop and exit the car, and further stated that DeBruce never lost eye contact with the detective as DeBruce rapidly

---

[14] *Id.*
[15] *Id.*
[16] *Id.* at 6.
[17] *Id.* at 12.
[18] *Id.* at 7.
[19] *Id.* at 12.
[20] *Id.* at 13.
[21] *Id.* at 140.
[22] *Id.*

accelerated her car towards her.[23] A police video showed the detective stepping aside as DeBruce's car accelerated and that DeBruce actually turned her car to hit the detective – an impact that threw the detective onto the car before she was pulled under the car and dragged 37 feet.[24]

The trial court sentenced DeBruce to 8 years in prison for the felonious assault conviction and 2 years in prison for the failure to comply conviction, such terms to be served consecutively for an aggregate term of 10 years in prison.[25] The court journalized the sentencing entry on April 18, 2016.[26]

## B.     Direct appeal

Through new counsel,[27] on May 5, 2016 DeBruce timely filed a notice of appeal with the Ohio appeals court.[28]  DeBruce raised two assignments of error: (1) alleged ineffective assistance in counsel at the sentencing hearing not introducing evidence to highlight alleged differences between the video and testimony by the detective and (2) an abuse of discretion in imposing an allegedly unreasonable sentence.[29]  The Ohio appeals court affirmed the conviction and sentence on December 21, 2016.[30]

---

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.* at 90.

[28] *Id.* at 93.

[29] *Id.* at 94.

[30] *Id.* at 140.

DeBruce did not timely appeal that decision to the Ohio Supreme Court, and her deadline for doing so expired on February 6, 2017.[31]

## C.     Simultaneous and subsequent motions

While the direct appeal process was unfolding, DeBruce filed multiple motions in the trial court to vacate or set aside judgment,[32] to withdraw her guilty plea,[33] to have counsel appointed,[34] and to provide funds for an investigator.[35] After the State opposed these motions,[36] the trial court denied them on March 10, 2017.[37] DeBruce did not appeal that decision, and her time for filing such an appeal expired on April 10, 2017.[38]

In addition, on February 26, 2018, or more than one year after the time had expired for filing an appeal to the Ohio Supreme Court from the appellate court decision in her direct appeal, DeBruce filed a notice of appeal[39] and a motion to file a delayed appeal with the Supreme Court of Ohio.[40] After the State filed a notice of appearance,[41] the Supreme Court of Ohio denied the motion for a delayed appeal and dismissed the case.[42] DeBruce

---

[31] *See* Ohio S.Ct.Prac.R. 3.03(A)(1); 7.01(A)(1)(a)(i).
[32] ECF No. 7, Attachment at 157.
[33] *Id*. at 167.
[34] *Id*. at 161.
[35] *Id*. at 164.
[36] *Id*. at 172.
[37] *Id*. at 175.
[38] *See* Ohio App. R. 4(A)(1); 14(A).
[39] ECF No. 7, Attachment at 177. She also simultaneously filed a duplicate of this. *Id*. at 198.
[40] *Id*. at 180. DeBruce also simultaneously filed duplicate of this. *Id*. at 201.
[41] *Id*. at 219.
[42] *Id*. at 222.

did not seek a writ of certiorari from the Supreme Court of the United States and her filing deadline in this regard expired on July 24, 2018.[43]

**D.     Federal habeas petition**

DeBruce filed her present petition for habeas relief on September 5, 2018, when she placed the petition in the prison mail system.[44]

**Analysis**

**1.  Stature of limitations**

DeBruce's petition for federal habeas relief needed be filed within one year of the date when her direct review process ended,[45] unless statutory[46] or equitable tolling[47] relieved such untimeliness.

Because DeBruce did not timely appeal from the Ohio appeals court decision in her direct appeal, her direct appeal process ended on February 6, 2017, the date the filing deadline expired for filing a notice of appeal in the Ohio Supreme Court. Her federal one-year limitations period began to run on that date.

The limitations period ran until March 2, 2017, when DeBruce properly filed a motion to vacate or set aside the judgment or withdraw her guilty plea. The limitations

---

[43] *See* Sup. Ct. R. 13.
[44] ECF No. 1 at 14.
[45] 28 U.S.C. § 2244(d)(1).
[46] 28 U.S.C. § 2244(d)(2).
[47] *Holland v. Florida*, 560 U.S. 2549, 2562 (2010).

period resumed again on April 10, 2017 when the period for filing an appeal from the decision of the trial court ended. The limitations period ran until February 26, 2018 when DeBruce filed her motion for a delayed appeal with the Ohio Supreme Court. The limitations period resumed again when the Ohio Supreme Court denied the motion on April 25, 2018.[48] The one-year period expired on May 16, 2018. DeBruce filed the present petition on September 5, 2018.

### 2. Tolling

I note next that DeBruce, in her traverse, does not claim that she qualifies for statutory tolling.[49] She does, however, assert that she is entitled to equitable tolling because her frequent motions for reconsideration show that she was diligent in pursuing her rights and because filing her direct appeal with the Ohio Supreme Court was delayed due to the closing of the law library at her prison – a factor beyond her control.[50]

The well-known standard for equitable tolling – which is to be allowed sparingly[51] – requires that the petitioner demonstrate diligence in pursuing her claim and extraordinary circumstances that caused the untimely filing.[52] To that end, courts have never accepted that mere ignorance of legal deadlines or even the fact of being incarcerated qualify as

---

[48] As the Warden observes, because the motion for a delayed appeal is one for collateral review and not part of the direct appeal, the federal habeas limitations period is not tolled for the time that would be provided for seeking a writ of certiorari. *Keeling v. Warden*, 673 F.3d 452 (6th Cir. 2012).

[49] *See* ECF No. 10 at 2.

[50] *Id*. at 3.

[51] *Holland*, 560 U.S. at 2560.

[52] *Hall v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011).

extraordinary circumstances.[53] Moreover, the party claiming equitable tolling has the burden of persuading the court that he is entitled to it.[54]

Here, DeBruce argues that the proof that she was diligent is that she made "repeated attempts in requesting reconsideration" of rulings that denied her various motions and that the delay in filing her direct appeal was due to the "closing" of the law library at the Ohio Reformatory for Women.[55] She also maintains that any delay was in part due to her lack of education.[56]

The first of the "repeated" attempts to seek "reconsideration" of court decisions refers to DeBruce's attempt to have the trial court permit her to withdraw her plea. As noted above, that was a properly filed post-conviction motion that *statutorily* tolled the limitations period while it was pending. Thus, this motion has no bearing in an analysis of *equitable* tolling.

Next, DeBruce seems to argue that her attempts to file a delayed direct appeal with the Ohio Supreme Court should be evidence of due diligence such as would support equitable tolling. In fact, the motions for a delayed appeal also qualified as properly filed motions that statutorily tolled the limitations period. Once again, having served to statutorily toll the limitations period during the period they were under consideration, these motions may not also be a basis for additional equitable tolling.

---

[53] *Allen v. Yunkins,* 366 F.3d 396, 401 (6th Cir. 2004).
[54] *Id.*
[55] ECF No. 10 at 3.
[56] *Id.*

Finally, DeBruce's assertion that her ability to take timely action in defense of her rights was impeded by the "closing" of the prison law library is not supported by the facts. The library never actually "closed" during the relevant time period but access was merely limited to 2-3 hours per day, and full operations resumed on April 1, 2017.[57]  DeBruce was fully able to research, prepare, and file her motions to vacate or set aside judgment and to withdraw her guilty plea, all on March 2, 2017 – or during the time when access to the prison law library was restricted to several hours per day.

DeBruce has not shown that she is entitled to equitable tolling.

### 3. Actual innocence

Finally DeBruce claims she is actually innocent and so should avoid the application of the limitations period here.[58] There is no new reliable evidence not available at trial that makes it more likely than not that no reasonable juror would have convicted her.[59]In fact, the evidence of DeBruce's car accelerating into the detective is present in form of an undisputed video tape. DeBruce merely argues that the video itself doesn't fully support the testimony of the detective as to the severity of what happened so as to support her conviction for felonious assault.[60]

---

[57] ECF No. 10, Ex. 1 (Letter from prison law librarian).
[58] ECF No. 10 at 3.
[59] *Schlup v. Delo*, 513 U.S. 298, 327 (1995).
[60] ECF No. 10 at 3.

Actual innocence means "factual innocence, not mere legal insufficiency."[61] But here DeBruce does not offer any evidence that she is factually innocent of assaulting the detective with her car, but merely argues that the assault wasn't as bad as the officer testified to – *i.e.*, that she is guilty of some lesser degree offense. As such, she has not shown she is actually innocent.

### Summary Judgment

In addition to the petition, Petitioner DeBruce filed a motion for summary judgment.[62]  The instant motion for summary judgment – which seeks the same relief as does the petition – is recommended denied as moot.

### Conclusion

Accordingly, for the reasons stated, I recommend dismissing the petition of Yolanda DeBruce for a writ of habeas corpus as time-barred.

IT IS SO RECOMMENDED.

Dated: August 9, 2019                                    s/William H. Baughman Jr.
                                                        United States Magistrate Judge

---

[61] *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005).
[62] ECF No. 18.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[63]

---

[63]  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).